2022R00296/MJM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**FILED**

MAY 29 2026

AT 8:30 *12:54 pm* M QA
CLERK, U.S. DISTRICT COURT - DNJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Robert Kirsch |
| | : | |
| v. | : | Crim. No. 26- 269 (RK) |
| | : | |
| AIMAN MAHMOUD and | : | 18 U.S.C. § 371 |
| KENNETH GRATTO | : | 18 U.S.C. § 666(a)(1)(A) and § 2 |
| | : | 18 U.S.C. § 1951(a) |

## I N D I C T M E N T

The Grand Jury in and for the District of New Jersey, sitting at Newark,
charges:

## COUNT 1

### (Conspiracy to Commit Extortion Under Color of Official Right Affecting Interstate Commerce)

1.    At all times relevant to Count 1 of this Indictment:

a.    Defendant AIMAN MAHMOUD ("MAHMOUD") was the
Business Administrator/School Board Secretary for the Hillsborough Township
School District (the "School District"), serving in that position from
approximately January of 2008 through December of 2021.  In this role, he
was responsible for overseeing the school district's finances and managing the
Hillsborough Township Board of Education's (the "Hillsborough BOE") business
operations.  His duties included ensuring compliance with various financial
regulations, coordinating with the Superintendent of Schools on annual budget
development, monitoring the budget to ensure appropriate allocation of funds,
and overseeing the physical plant operations, including buildings and grounds.

MAHMOUD supervised numerous non-instructional staff, including financial specialists and building services managers.

b.    Defendant KENNETH GRATTO ("GRATTO") was a contractor for a company ("Company 1") which had a contract with the School District in New Jersey to undertake construction of a new school building, make repairs to all schools in the School District, and to implement an energy savings assistance program for the School District (the "School District Project"). GRATTO was subsequently hired by a second company ("Company 2") which had a contract with the School District to perform HVAC work for the School District.

c.    The School District was a public school district that served pre-kindergarten through 12th grade students from Hillsborough Township, New Jersey.  The School District had more than 7,000 enrolled students and nine separate schools, including six elementary schools, two middle schools, and a high school. The School District received in excess of $10,000 annually in Federal assistance.  The School District also purchased goods and services in interstate commerce. The Hillsborough BOE oversaw the School District's operations.

2.    In or about early 2021, MAHMOUD requested Company 1 to hire GRATTO to serve as a site supervisor/owner's representative to monitor the various projects that Company 1 was undertaking in the School District as part of the School District Project and to coordinate work areas and conduct safety oversight.

2

3.    Upon being hired, GRATTO submitted time sheets to MAHMOUD who would approve these submissions with a signature and provide a corresponding invoice to Company 1. Company 1 would provide the invoice to the School District for the claimed amount, and the School District, at the direction of MAHMOUD, would then pay Company 1 the amount listed on the invoice. Company 1 was then responsible for providing a check to GRATTO in the amount he was owed for both regular and overtime hours worked. GRATTO received $100 per regular hour worked, and Company 1 would receive from the School District an additional $25 fee per each regular hour GRATTO worked. For overtime, GRATTO was paid $150 per hour.

4.    Shortly after GRATTO was appointed as the site supervisor/owner's representative through MAHMOUD's influence, GRATTO and MAHMOUD agreed that GRATTO would kick back to MAHMOUD a portion of the money GRATTO was being paid by Company 1 through the School District.

5.    GRATTO and MAHMOUD further agreed that GRATTO would submit claims for overtime work that substantially inflated the number of overtime hours that GRATTO had actually worked. To effectuate this scheme, GRATTO submitted a weekly timesheet to MAHMOUD that substantially overstated the number of overtime hours performed by GRATTO in his capacity as site supervisor/owner's representative for Company 1 and MAHMOUD approved these inflated timesheets.

6.    After GRATTO received the fraudulently obtained overtime payments from Company 1, GRATTO regularly withdrew MAHMOUD's share in cash from

GRATTO's bank account, placed the cash into an envelope, and traveled to a location designated by MAHMOUD, typically a parking lot where MAHMOUD had parked his school vehicle. At times, GRATTO received text messages from MAHMOUD with instructions on where to deliver the cash. Once at the designated location, GRATTO would leave the envelope with the cash in MAHMOUD's vehicle for MAHMOUD to subsequently retrieve.

7. In addition to the scheme involving Company 1, MAHMOUD sought to receive kickbacks from GRATTO derived from overtime payments received as a result of GRATTO's status as a customer representative for Company 2. GRATTO was to be paid for work done on behalf of Company 2 – which entered into a contract with the School District to perform HVAC work in or about October 2021 – at a rate of $100 per regular hour worked and $150 per overtime hour. However, MAHMOUD requested that Company 2 provide lump sum payments for GRATTO's work rather than submit time sheets which would reveal that GRATTO was claiming compensation for hours worked for both Company 1 and Company 2 that potentially exceeded 24 hours per day. In response to MAHMOUD's request, Company 2 made three lump sum payments totaling more than $107,000 for work performed by GRATTO between mid-October 2021 and late November 2021.

8. Pursuant to the scheme, from in or about January 2021 to in or about December 2021, GRATTO submitted claims to the School District for purported overtime work that MAHMOUD approved knowing that the claims of overtime work had been falsely and substantially inflated. GRATTO obtained

approximately $160,000 in overtime payments from Company 1 as well as the lump sum payments from Company 2 that MAHMOUD approved.    In turn, GRATTO paid at least approximately $70,000 in kickbacks to MAHMOUD.

9.    From in or about January 2021 through in or about January 2022, in Somerset County, in the District of New Jersey, and elsewhere, the defendants,

**AIMAN MAHMOUD**
**and**
**KENNETH GRATTO,**

did knowingly and intentionally conspire to obstruct, delay and affect interstate commerce by extortion under color of official right – that is, agreeing to offer and giving to MAHMOUD, with his consent, kickbacks for services purportedly rendered to the School District in exchange for MAHMOUD's agreeing to exercise official action and influence by authorizing fraudulent overtime payments to GRATTO for work on School District projects.

In violation of Title 18, United States Code, Section 1951(a).

## COUNT 2

### (Extortion Under Color of Official Right Affecting Interstate Commerce)

1.    The allegations set forth in paragraphs 1 through 8 of Count 1 of this Indictment are realleged here.

2.    From in or about January 2021 through in or about January 2022, in Somerset County, in the District of New Jersey, and elsewhere, the defendant,

**AIMAN MAHMOUD,**

did knowingly and intentionally obstruct, delay and affect interstate commerce by extortion under color of official right – that is, soliciting, agreeing to accept, and accepting kickbacks in exchange for MAHMOUD's agreeing to exercise official action and influence by authorizing fraudulent overtime payments to GRATTO for work on School District projects.

In violation of Title 18, United States Code, Section 1951(a).

## COUNT 3

### (Extortion Under Color of Official Right Affecting Interstate Commerce)

1.      The allegations set forth in paragraphs 1 through 8 of Count 1 of this Indictment are realleged here.

2.      From in or about January 2021 through in or about January 2022, in Somerset County, in the District of New Jersey, and elsewhere, the defendant,

**KENNETH GRATTO,**

did knowingly and intentionally obstruct, delay and affect interstate commerce by extortion under color of official right – that is, agreeing to offer and giving kickbacks to MAHMOUD in exchange for MAHMOUD's agreeing to exercise official action and influence by authorizing fraudulent overtime payments to GRATTO for work on School District projects.

In violation of Title 18, United States Code, Section 1951(a).

## COUNT 4

### (Conspiracy to Embezzle from the Hillsborough, New Jersey School District)

1.      The allegations set forth in paragraphs 1 through 8 of Count 1 of this Indictment are realleged here.

### THE CONSPIRACY

2.      From in or about January 2021 through in or about January 2022, in Somerset County, in the District of New Jersey and elsewhere, the defendants,

**AIMAN MAHMOUD
and
KENNETH GRATTO,**

being agents of an organization, and of a State and local government, and any agency thereof, namely, the School District, conspired to embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of persons other than the rightful owner, and intentionally misapplied property valued at $5,000 and more that was owned by, and was under the care, custody, and control of the School District, contrary to Title 18, United States Code, Section 666(a)(1)(A).

### Goal of the Conspiracy

3. It was the goal of the conspiracy for GRATTO to obtain payments for work that GRATTO had not performed by fraudulently inflating the overtime hours he claimed to have worked as a site supervisor/owner's representative and to provide MAHMOUD cash kickbacks for MAHMOUD's role in approving GRATTO's inflated time sheets.

8

## Manner and Means

4. It was part of the conspiracy that:

A.    GRATTO submitted false time sheets fraudulently inflating the number of hours he had worked on behalf of Company 1.

B.    MAHMOUD approved these time sheets knowing that the hours had been fraudulently increased and submitted corresponding invoices to Company 1.

C.    Based upon MAHOUD's approval, Company 1 submitted invoices to the School District which would repay the sums claimed to Company 1 plus an additional fee.

D.    Company 1 would pay GRATTO via check the amount GRATTO had claimed to be owed for services performed.

E.    GRATTO, upon receipt of payment, would withdraw sums of cash that he would provide to MAHMOUD as kickbacks for authorizing the fraudulently inflated payments.

F.    MAHMOUD secured agreement from Company 2 to provide lump sum payments for GRATTO's compensation knowing that GRATTO would not work the hours contemplated on behalf of Company 2.

G.    GRATTO, upon receipt of compensation from Company 2, withdrew cash which he provided as kickbacks to MAHMOUD.

## Overt Acts

5. In furtherance of the conspiracy and to effect its object, defendants

9

MAHMOUD and GRATTO committed and caused to be commit the following overt acts, among others, in the District of New Jersey, and elsewhere:

A.    On or about September 21, 2021, Company 1 submitted an invoice to MAHMOUD for reimbursement by the School District based on the hours purportedly worked by GRATTO during the weeks concluding on September 12, 2021 and September 19, 2021.  In addition to the 80 regular hours that GRATTO claimed to have worked during those two weeks, GRATTO submitted an inflated claim of 90 additional overtime hours worked for that time period.

B.    On or about September 30, 2021, Company 1 submitted an invoice to MAHMOUD for reimbursement by the School District based on the hours purportedly worked by GRATTO during the week concluding on September 26, 2021.  In addition to the 40 regular hours that GRATTO claimed to have worked during that week, GRATTO submitted an inflated claim of 60 additional overtime hours worked for that time period.  On the same invoice, Company 1 sought reimbursement for hours purportedly worked by GRATTO during the week concluding on September 19, 2021, in relation to inspection/repair work in the wake of Hurricane Ida.  Specifically, that invoice reflected an inflated claim that GRATTO had worked an additional 48 hours of overtime during the week concluding on September 19, 2021.

C.    On or about October 18, 2021, MAHMOUD sent an e-

mail to Company 2 clarifying that GRATTO "will not be submitting hours but will be paid according to the plan above," which was described as "Payment 1-start of job 40%.  Payment 2-will be midpoint 40% and Payment 3-will be completion 20%."

D.    On or about November 23, 2021, GRATTO submitted an Invoice to Company 2 for $13,000 for "supervision of HES split unit replacement," noting that the "OT [had been] authorized by AIMAN."

In violation of Title 18, United States Code, Section 371.

11

## COUNT 5

### (Scheme to Embezzle from the Hillsborough, New Jersey School District)

1.      The allegations set forth in paragraphs 1 through 8 of Count 1 of this Indictment are realleged here.

2.      From in or about January 2021 through in or about January 2022, in Somerset County, in the District of New Jersey and elsewhere, the defendant,

**AIMAN MAHMOUD,**

being an agent of an organization, and of a State and local government, and any agency thereof, namely, the School District, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of persons other than the rightful owner, and intentionally misapplied property valued at $5,000 and more that was owned by, and was under the care, custody, and control of the School District.

In violation of Title 18, United States Code, Section 666(a)(1)(A) and Section 2.

## COUNT 6

### (Scheme to Embezzle from the Hillsborough, New Jersey School District)

1.     The allegations set forth in paragraphs 1 through 8 of Count 1 of this Indictment are realleged here.

2.     From in or about January 2021 through in or about January 2022, In Somerset County, in the District of New Jersey and elsewhere, the defendant,

### KENNETH GRATTO,

being an agent of an organization, and of a State and local government, and any agency thereof, namely, the School District, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of persons other than the rightful owner, and intentionally misapplied property valued at $5,000 and more that was owned by, and was under the care, custody, and control of the School District.

In violation of Title 18, United States Code, Section 666(a)(1)(A) and Section 2.

13

## **FORFEITURE ALLEGATION**

1.     Upon conviction of the violation 18 U.S.C. § 666(a)(1)(A) and § 2 charged in Counts 5 and Count 6 of this Indictment, defendants MAHMOUD and GRATTO shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property, real and personal, that constitutes or was derived from proceeds defendants MAHMOUD and GRATTO obtained directly and indirectly as a result of the offense, and all property traceable to such property, the value of which was at least approximately $70,000.

## **Substitute Assets Provision**

2.     If by any act or omission of defendants MAHMOUD or GRATTO, any of the property subject to forfeiture described above:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of

14

MAHMOUD and GRATTO up to the value of the forfeitable property described above.

A TRUE BILL



FOREPERSON

ROBERT FRAZER
United States Attorney

*Mark J. McCarren*

Mark J. McCarren
Assistant U.S. Attorney

*Ronnell L. Wilson*

Ronnell L. Wilson
Chief, Special Prosecutions Division

CASE NUMBER: 26-269 (RK)

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

### v.
### AIMAN MAHMOUD and
### KENNETH GRATTO

# INDICTMENT FOR
## 18 U.S.C. § 371
## 18 U.S.C. § 666(a)(1)(A) and §2
## 18 U.S.C. § 1951(a)

ROBERT FRAZER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

MARK J. MCCARREN
ASSISTANT U.S. ATTORNEY
(973) 645-2700